**Larry C. McCRANEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 882S307.

Supreme Court of Indiana.

April 21, 1983.

Rehearing Denied June 21, 1983.

Saul I. Ruman, Glenn D. Commons, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder. He was sentenced to a fifty (50) year term of imprisonment.

Appellant claims the evidence is insufficient to support the jury's verdict of guilty. Under our standard of review we will not weigh the evidence or judge the credibility of witnesses. *Pinkston v. State,* (1982) Ind., 436 N.E.2d 306. When the evidence presented is circumstantial in nature, it is only necessary that an inference reasonably tending to support the finding of guilt can be drawn from the evidence. *Pinkston, supra.* Conflicts in the evidence are to be resolved by the jury who may believe whomever they wish. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344.

The record reveals the decedent, Jones, had joined eight or nine people in a private residence. During the evening appellant came to the porch door asking to see his girlfriend, Dycenia. She went into the enclosed porch. Appellant started striking her in the face with his fist. Jones started toward the door. He and appellant began

struggling. A shot was fired and Jones fell to the floor. Appellant fled through the porch. He fired a shot at Dycenia who lay dazed on the porch floor. She sustained a gunshot wound in the knee. Appellant ran to his car, threw something in the trunk and drove away.

Dycenia's sister, Cloris, testified regarding the struggle between appellant and Jones. She was sitting on the floor with her two-year old daughter between her legs. Cloris testified Jones had his back to her. Appellant was facing Jones. She stated their hands were "up in the air." However, she later testified she could not see appellant's hands nor if he was holding a weapon. After the shot was fired, Cloris realized her daughter had been struck in the wrist by the bullet. The coroner testified Jones died due to a "through and through" gunshot wound. The bullet entered the posterior or back chest wall, right side, and exited the left chest higher than the site of entrance.

■ Appellant argues the conflict between Cloris' testimony that appellant and Jones were facing one another with hands extended and the coroner's determination that the bullet's entry was in the back is irreconcilable. Cloris testified she could not see appellant's hands at the time the shot was fired. The coroner's examination revealed the bullet traveled at an angle. The jury could have reasonably resolved the conflict in the evidence to appellant's detriment. We hold the conviction is supported by sufficient evidence.

■ Appellant claims the State failed to sufficiently rebut his allegation of self-defense. A defendant need only raise the issue of self-defense so that a reasonable doubt exists. The State then carries the burden of negating the presence of one or more of the necessary elements of self-defense; one must (1) act without fault, (2) be in a place where he has a right to be and (3) act in reasonable fear or apprehension of death or great bodily harm. *Spinks v. State,* (1982) Ind., 437 N.E.2d 963. It should be noted that *Spinks* correctly sets forth the law of self-defense. However, in

that opinion, this Court erroneously stated *in dictum* that appellant failed to prove at least one of the requisite elements of self-defense. We point out that appellant bears no such burden of proof. We therefore disapprove the statement made in that case. However we reaffirm our statement of the necessary elements of self-defense.

I.C. 35–41–3–2(a) [Burns Supp.1982] provides for the use of deadly force only when a person believes such force is necessary to prevent death or serious bodily injury. The trier of fact makes the final determination of whether the State has carried its burden of negating appellant's claim of self-defense.

Appellant emphasizes testimony that Jones carried a concealed knife in a cane. He additionally argues Jones was the aggressor based on evidence of Jones blood alcohol level (.230 blood ethanol). He further alleges Jones went to the porch supporting the inference that the decedent was the aggressor.

■ However, there is no evidence in the record to indicate appellant was aware of the concealed weapon. One witness testified she had seen the cane earlier the same day. Jones did not have the can during the struggle with appellant. Dycenia, dazed and lying on the porch floor, heard appellant walk into the house. Cloris testified Jones and several children walked to the doorway upon hearing "slapping noises." Jones' blood alcohol level could have alternatively supported a reasonable inference of extreme intoxication and some incapacity as found in *Spinks, supra,* rather than aggression. Even if a person is initially assaulted, the trier of fact may find that the use of deadly force is not justified if a reasonable person in the same circumstances would not have been placed in reasonable fear of death or great bodily harm. *Spinks, supra; Loyd v. State,* (1980) Ind., 398 N.E.2d 1260. There is no indication appellant feared death or great bodily injury caused by Jones' acts. The jury was justified in finding appellant had no reason to believe the killing was necessary to pre-

serve his own life or prevent great bodily harm. Appellant's claim of self-defense was sufficiently rebutted by the State.

■ Appellant claims the trial court erred by failing to instruct the jury on involuntary manslaughter. Failure to tender written instructions precludes appellate consideration of a claim of incomplete or omitted instruction. *Law v. State,* (1980) Ind., 406 N.E.2d 1185.

■ Appellant claims the trial court erred in refusing to admit evidence of Jones' criminal history. In *Schmanski v. State,* (1979) 270 Ind. 331, 385 N.E.2d 1122, 1125, we quoted *McKee v. State,* (1926) 198 Ind. 590, 598, 154 N.E. 372, 375:

> "The defendant in homicide, where there is some evidence of self-defense, may prove specific acts of violence committed by the deceased upon third parties, *knowledge of which has been communicated to the defendant prior to the homicide,* for the purpose of showing the defendant's state of apprehension . . . ." [Emphasis ours.]

Appellant failed to establish that Jones' reputation for peace and quietude, or his previous criminal history was known to appellant before the commission of the homicide. For that matter there is no proof that the appellant knew Jones before the homicide. The trial court properly excluded the evidence of Jones' criminal history.

The trial court is in all things affirmed.

HUNTER, DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., not participating.