**Terry SCHMANSKI, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 982S358.**

Supreme Court of Indiana.

July 26, 1984.

Diane Cotton, Legal Intern, J. Eric Smithburn, Supervising Atty., Notre Dame Law School, Notre Dame, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of post-conviction relief. The conviction of appellant for murder was affirmed on appeal in *Schmanski v. State*, (1979) 270 Ind. 331, 385 N.E.2d 1122. The petition below was based upon claims that the prosecution had failed to properly disclose a grant of immunity to a prosecution witness, and that defense counsel at trial had been ineffective in the representation he had provided.

Trial defense counsel learned during the trial, and immediately before the testimony of a witness for the prosecution, that the witness, appellant's girlfriend Bierwagen, had been induced during the pre-trial period to provide the police with a statement containing the substance of her later trial testimony to the effect that she had disposed of the murder weapon at appellant's instruction. This knowledge was gained in time to have been used by defense counsel to impeach Bierwagon, but was not. The post-conviction court concluded that there had been no prejudice flowing to the defense from any nondisclosure of the inducement by the prosecution, and that failure of trial defense counsel to take any action upon learning of the inducement had not resulted in ineffective assistance of counsel, and this appeal followed.

Promises and offers of immunity, leniency, money or other benefit made to a State's witness by the prosecution to induce cooperation are recognized as within the scope of prosecutorial authority. However, their use places a burden upon the prosecution to disclose efforts in this direction because they tend to impair the credibility of a witness or show his interest, bias or motives as a witness. *Bewley v. State*, (1966) 247 Ind. 652, 220 N.E.2d 612; *Hoskins v. State*, (1978) 268 Ind. 290, 375 N.E.2d 191. Evidence thereof is material and suppression of it may deprive the accused of due process of law. *Giglio v. United States*, (1972) 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104.

The conclusion of the trial court that there was no prejudice flowing from any nondisclosure of the inducement tendered

Bierwagen stemmed from its finding that disclosure came at trial in time for its use for impeachment of Bierwagen. Appellant argues that contrary to this conclusion prejudice flowed from the fact that he and his counsel did not have knowledge of this inducement when deciding what defense posture to assume, and whether he should testify. Defense counsel committed firmly during opening statements to the defense of self-defense and revealed that appellant would testify.

Our resolution of the question of whether prejudice of a quality warranting a new trial or other remedy resulted here is in the final analysis based upon our evaluation of the nature of the evidence marshalled by the prosecution at the initial trial. The gravamen of the case was that appellant was knocked down at a party whereupon in retaliation he drew a gun and shot and killed the unarmed victim. Two eye witnesses so testified. Appellant gave a statement to police that he shot the man "or he would shoot me, that's the way it was." His girlfriend Bierwagen testified that she got his gun and threw it in a river at his instruction. At her direction parts of the broken gun were recovered by police. When defense ignorance of an avenue by which to impeach the credibility of Bierwagen is considered within this evidence a conclusion of no prejudice is unavoidable. Eye witness testimony and appellant's own statement placed the murder weapon in his hand. There could be no doubt that this case would go to the jury even without the Bierwagen testimony. The credibility of Bierwagen was not a key issue in the adoption of a defense strategy. Any impingement upon selecting a defense and deciding whether or not to testify was minimal and insufficient to warrant post-conviction relief.

Appellant's second claim is that trial defense counsel failed to provide effective representation wherein he did not respond in a more affirmative manner when learning at trial of the inducement provided Bierwagen. In resolving this appeal from the lower court denial of the claim, we turn to an evaluation of the case which confronted appellant and his counsel. The circumstances of the shooting and appellant's own statement surely provided an unrelenting pressure to adopt a strategy which would work well within those circumstances and that statement. Knowledge of an avenue for impeachment of Bierwagen would not have appreciably altered that pressure. It was well within the requirements of effective representation for trial defense counsel to make no use whatsoever of his knowledge of the inducement. A successful mistrial motion on this basis would not have put appellant back in an appreciably better position to select a defense strategy, and an attempt to actually impeach Bierwagen with the inducements would have been at the risk of creating a degree of animosity towards him in the mind of the jury since she had been his friend and had attempted to provide him aid and comfort. The trial court was clearly correct in rejecting this claim of ineffective representation.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.