**Lee Albert REDMOND, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 20S00–8607–CR–666.**

Supreme Court of Indiana.

Feb. 10, 1988.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of the crime of Rape, a Class B felony, for which he received sixteen (16) years and Criminal Deviate Conduct, a Class B felony, for which he received sixteen (16) years, the sentences to run concurrently.

Appellant claims his constitutional rights were violated when the trial court refused to appoint pauper counsel and forced him to stand trial without an attorney.

For a period of over ten months, appellant appeared in court on several occasions and clearly indicated that he did not wish to go to trial without being represented by counsel. Appellant did not own an automobile or real property. At the beginning of this period of time, the evidence was that he took home approximately $450 every two weeks, that he paid $200 per month rent and supported a wife, who was unemployed, and a daughter and a son. As time went on, his take-home pay decreased to $300 to $340 every two weeks.

Each time appellant would appear in court he would again state his intention to employ counsel but advise the trial court that he was unable to raise the money to pay the fees quoted to him by attorneys. Those fees ranged from $500 to $2,000. The trial judge suggested to appellant that he try to arrange time payments with an attorney or to borrow funds with which to pay the fee.

Although the trial judge showed great patience and granted appellant several continuances in order to obtain counsel, the likelihood of appellant being able to employ counsel appears to be remote. With no automobile and no real estate to secure a loan and with the prospects of a long prison sentence, it seems highly improbable that appellant could borrow any money. It also seems improbable that appellant could have arranged with an attorney any payment that would have extended over a period of time, considering that it would have been unrealistic to expect appellant to continue any payments after he started a prison sentence.

We have previously held that the determination of indigency lies within the discretion of the trial court and that we are reluctant to override that discretion. *Poe v. State* (1983), Ind., 445 N.E.2d 94. However, as Justice Hunter stated in *Moore v. State* (1980), 273 Ind. 3, 401 N.E.2d 676, we are dealing with a fundamental constitutional right of an accused to be represented by counsel. The record must show that the trial court gave careful consideration commensurate with the right at stake. Justice Hunter further observed:

"[T]he defendant does not have to be totally without means to be entitled to counsel. If he legitimately lacks the fi-

nancial resources to employ an attorney, without imposing substantial hardship on himself or his family, the court must appoint counsel to defend him." *Id.* at 7, 401 N.E.2d at 678.

Although the author of this opinion joined Justice Pivarnik in his dissent in the *Moore* case, the facts set out in the dissenting opinion in *Moore* are distinguishable from the facts in this case. In *Moore*, the dissent pointed out that Moore had an equity in real estate as well as equipment in the well drilling business. The dissent pointed out that appellant should have been required to make use of these assets before the court would be required to appoint pauper counsel.

In the case at bar, appellant had no such assets. The principle of law laid down by the majority in *Moore* applies to the case at bar. This becomes very apparent when over a ten-month period appellant continuously indicated that he did not wish to go to trial without the aid of counsel and did in fact contact several attorneys but did not employ them. After ten months, he was required to go to trial without the benefit of counsel and clearly demonstrated at trial that he was incapable of defending himself.

Although we are reluctant to override a trial court's discretion in a matter of this kind, and although the trial judge showed great patience in giving appellant every opportunity to employ counsel, we nevertheless feel that when the record is examined it becomes apparent that appellant's expectation of being able to employ counsel of his own choosing was unrealistic. We find that the trial court should have appointed counsel to represent appellant in his defense.

The trial court is reversed and the case is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.