Charles H. **HARVEY**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 38A02–8902–CR–64 [1].

Court of Appeals of Indiana,
First District.

July 31, 1989.
Rehearing Denied Sept. 11, 1989.

---

1. This case was diverted from the Second District by direction of the Chief Judge.

Max C. Ludy, Jr., Ludy & Bright, Portland, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Charles H. Harvey appeals his conviction of murder. Harvey argues in this appeal that the State's evidence rebutting his claim of self-defense is insufficient to establish his guilt beyond a reasonable doubt, that the trial court committed reversible error when it denied his motion for judgment on the evidence made at the close of the State's case-in-chief, and that the trial court, acting as a thirteenth juror, should have set aside the verdict and ordered a new trial. We find no merit in any of these contentions. Accordingly, we affirm.

## I.

■ We review a claim that the State failed to adequately overcome evidence that a defendant acted in self-defense as we would any claim of insufficient evidence. We will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could find beyond a reasonable doubt all elements of the crime charged. *Simmons v. State* (1987), Ind., 506 N.E.2d 25, 28. When the evidence presented is circumstantial in nature, it is only necessary that an inference reasonably tending to support the finding of guilt can be drawn from the evidence. *McCraney v. State* (1983), Ind., 447 N.E.2d 589, 590. Conflicts in the evidence are to be resolved by the jury which may believe whomever it wishes. *Id.*

Harvey maintains that at the time of the altercation he was in a place where he had a right to be and that he acted without fault and in reasonable fear or apprehension of death or great bodily harm. The record shows no real dispute with respect to Harvey's first two contentions; all of the testimony from numerous witnesses established that Harvey was sitting in a chair, watching television at the home of a friend when the decedent burst through the door and grabbed him. However, even if a person is assaulted by another first, the trier of fact may still find that the use of deadly force is not justified if a reason-

able person in the same circumstances would not have been placed in fear of death or great bodily harm. *McCraney, id.* at 591. Hence, we direct our attention to the question whether Harvey reasonably believed that he was facing an imminent use of unlawful force and that the use of deadly force was necessary under the circumstances. Resolution of this question involves a dual inquiry: whether the defendant actually perceived the necessity to act as he did to defend himself from an imminent threat, and, whether such a perception is objectively reasonable under the circumstances. *Whipple v. State* (1988), Ind., 523 N.E.2d 1363, 1366. We find evidence in the record favorable to the verdict on both these points of inquiry.

The record shows that tension had been developing between the decedent and Harvey over about a four to six week period preceding the stabbing. Harvey visited the decedent's girlfriend three to four times and bragged to his friends about their relationship. The decedent became extremely jealous. On two occasions, without apparent justification or provocation by Harvey, the decedent pushed Harvey around in front of Harvey's friends. After the incidents, Harvey told his friends he intended to get somebody and beat up the decedent. He stated he would get a long metal bar and beat on the decedent's legs until he could twist one off. On the evening of the stabbing, one of the witnesses to the stabbing heard Harvey say that he intended to get a ball bat and "mess Jim up really bad."

A few hours before the stabbing, Harvey attempted to kiss one of the girls there with him at his friend's trailer. The decedent's friend overheard the conversation, grabbed Harvey, told Harvey he would "knock the shit out of him," and then left the trailer with the girl. Shortly after they left, Harvey went out to the kitchen and got a knife from the butcher block. He returned to the living room where others were watching television without anyone noticing he had the knife.

Later in the evening, when the decedent learned that Harvey had made advances toward the girl, he stormed into the trailer and ordered Harvey to go outside. When Harvey refused, the decedent grabbed Harvey by the jacket, lifting him up from the chair. Harvey stabbed the decedent in the stomach, inflicting the fatal wound. The decedent buckled over, then straightened up and charged at Harvey again. Harvey then stabbed him in the thigh. Harvey escaped through a bedroom window and ran to his cousin's trailer where he hid the knife. Harvey inflicted a wound six to eight inches deep which severed the decedent's bowel, a major artery and a vein. The victim died from internal bleeding. Harvey sustained a small red mark across his nose and a similar 7" mark across his chest which did not break the skin.

We believe the evidence of premeditation refutes Harvey's assertion that he, in good faith, perceived a necessity to act as he did to defend himself. Although the decedent undoubtedly initiated the altercation leading to his death, Harvey had not encountered the decedent before the incident. Harvey expressed his malice for the decedent before he knew the decedent had arrived and prepared himself for an encounter with someone, either the decedent himself or the decedent's friend. In any event, the evidence supports an inference that Harvey was not responding to a perceived threat, but, instead, was waiting for an opportunity.

Even if the jury did not reach the conclusion that Harvey's conduct was pro-active, it still could have concluded that Harvey's perception of imminent bodily injury or death was not objectively reasonable under the circumstances. As we indicated, Harvey had not seen the decedent that day and it had been several weeks since their last encounter. On prior occasions, when the decedent had threatened Harvey, he did not strike Harvey or rely upon his friends for assistance. The decedent was about the same age as Harvey but had a slightly smaller build.

The evidence showed that Harvey inflicted the fatal wound as he was rising from the chair and before the decedent made any attempt to strike Harvey. No one ob-

served the decedent or anyone else at the trailer with a weapon. None of the decedent's friends were near Harvey when the altercation began. Finally, we cannot ignore the nature of the wound and the manner in which it was inflicted. Harvey propelled the 6″ blade deep into the decedent's stomach, where, a reasonable person would have known, serious injury could result; he did not punch or kick, brandish the knife, or attempt to scrape the decedent's skin.

The jury could logically conclude, given the disproportionate amount of force employed and the circumstances leading to the stabbing, that Harvey did not reasonably respond out of fear or apprehension of death or great bodily harm.

## II.

▆▆▆ Harvey contends the trial court committed reversible error when it denied his motion for judgment on the evidence. A trial court may enter a judgment on the evidence only if there is no substantial evidence or reasonable inference adduced therefrom to support an essential element of the charged offense. There must be a complete failure of proof. *State v. Lewis* (1981), Ind., 429 N.E.2d 1110, 1116, *cert. denied* 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331. In the instant case, the State met its burden of producing probative evidence on each essential element of the charge. The intent to kill may be inferred from evidence that a mortal wound was inflicted upon an unarmed person with a deadly weapon in the hands of the accused. *Southard v. State* (1981), Ind.App., 422 N.E.2d 325, 331, *trans. denied.* The granting of Harvey's motion for judgment on the evidence would therefore have been error.

## III.

▆▆▆ Finally, Harvey argues that the trial court had the authority and duty to evaluate the evidence as a thirteenth juror. We agree with this assertion. *See, Moore v. State* (1980), 273 Ind. 268, 403 N.E.2d 335; *Lewis, supra; State v. Kleman* (1987), Ind., 503 N.E.2d 895. However, Ind.Rules of Procedure, Trial Rule 59(J)(7)

does not compel the trial judge to set forth supporting and opposing evidence on each issue when overruling a motion to correct error. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 958–959; *Roarks v. State* (1983), Ind., 448 N.E.2d 1071. Neither is the trial court required to offer any explanation or justification for the jury's verdict. *Horne v. State* (1983), Ind., 445 N.E.2d 976, 980. After an approved verdict, this court can only consider whether there is any evidence which, if believed, will support the verdict. *Moore v. State, supra,* citing *Lowery v. State* (1925), 196 Ind. 316, 148 N.E. 197. We have undertaken that task and found the evidence sufficient to sustain the jury's verdict.

Judgment affirmed.

RATLIFF, C.J., and BAKER, J., concur.