951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry C. MCCRANEY, Petitioner-Appellant,
v.
Thomas D. RICHARDS, et al., Respondents-Appellees.
 No. 90-1958.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 23, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 A jury convicted Larry McCraney of murder, and a judge sentenced him to fifty years in prison. After exhausting all available state remedies, McCraney filed a petition for writ of habeas corpus. We affirm the district court's denial of that petition.
 
 
 2
 Evidence at a jury trial showed that McCraney entered a house to have a few words with his girlfriend. These words began on the porch outside the front of the house. The words ended when McCraney began striking his girlfriend with his hand. Donald Jones got caught up in the quarrel when he walked onto the porch while McCraney was hitting his girlfriend. McCraney shot and killed Jones.
 
 
 3
 McCraney alleges that the following six errors occurred at his trial: (1) the state did not put forth evidence sufficient to convict him of murder; (2) the court should have reduced the charge to voluntary manslaughter because the state did not disprove that he acted under sudden heat; (3) the court erred by denying admission of evidence of the victim's character; (4) the court erred by denying a jury instruction on involuntary manslaughter; (5) McCraney has ineffective assistance of counsel; and (6) prosecutorial misconduct tainted the trial. We address these claims in turn.
 
 
 4
 McCraney's first two claims are that the state violated the due process clause by providing insufficient evidence (1) to prove murder beyond a reasonable doubt, and (2) to show that McCraney did not act under sudden heat. Evidence is sufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The record reveals that sufficient evidence existed to convince a rational trier of fact that McCraney committed murder and that he was not acting under sudden heat.
 
 
 5
 McCraney next contends that the court erred by excluding evidence about the victim's criminal history and propensity for violence. Rulings based on state law, as this was, cannot be reviewed under § 2254 unless the trial itself violated the due process clause. See Estelle v. McGuire, 60 U.S.L.W. 4015 (U.S. Dec. 4, 1991). The ruling in McCraney's case did not render the trial fundamentally unfair.
 
 
 6
 McCraney next contends that the trial court should have instructed the jury on the included offense of involuntary manslaughter. The Supreme Court of Indiana held the claim barred by McCraney's failure to tender a written instruction on the subject. McCraney v. State, 447 N.E.2d 589, 592 (1983). Because McCraney has not established cause for or prejudice from this default, the claim is not open in federal court. Wainwright v. Sykes, 433 U.S. 72, 84 (1977).
 
 
 7
 McCraney submits that he was denied effective assistance of counsel, pointing to counsel's failure to elicit testimony establishing that McCraney acted in self-defense. McCraney argues that his lawyer should have (1) called McCraney's brother to testify, and (2) submitted the depositions of two people who were at the house at the time of the murder.
 
 
 8
 McCraney must show that his counsel's representation fell below "an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. Reasoned tactical decisions not to call a witness or not to introduce a certain piece of evidence do not make counsel's assistance constitutionally infirm. Kubat v. Thieret, 867 F.2d 351, 359 (7th Cir.1989). Indeed, "[i]t would be a rare case where counsel's conscious decision not to call a witness would amount to constitutionally ineffective assistance." United States v. Weaver, 882 F.2d 1128, 1139 (7th Cir.1989). McCraney claims that his brother would have testified about Jones's statement that he was carrying a cane-knife. Evidence of Jones's cane-knife came out during the trial, so counsel's decision not to call McCraney's brother did not prejudice McCraney. McCraney also claims that the deposition testimony of the two people at the house would have shown that Jones was the aggressor because he tried to leave the house via the porch when someone else left through a back door. McCraney's speculation about the effect of this weak circumstantial evidence fails to overcome the presumption that counsel's decision was sound trial strategy. Kubat, 867 F.2d at 359.
 
 
 9
 Finally, McCraney argues that he was denied a fair trial as a result of prosecutorial misconduct. McCraney suggests misconduct in the government's closing argument because it argued its view of the evidence, which, of course, McCraney does not agree with. McCraney also finds misconduct in the prosecution's failure to discuss the evidence about Jones's cane-knife during its argument. Arguing one's version of the evidence is not prosecutorial misconduct.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record