**Zachariah D. REESE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 38A05–1104–CR–171.**

Court of Appeals of Indiana.

Sept. 13, 2011.

Dale W. Arnett, Winchester, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Andrew Falk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. The charging information alleged that Reese "grabbed Rose Hodge by the wrists and pushed her to the ground, resulting in bodily injury, to wit: pain and bruising...." Appellant's Appendix at 52.

## OPINION

BROWN, Judge.

Zachariah Reese appeals the denial of his request for court-appointed counsel. Reese raises one issue, which we restate as whether the trial court erred in denying his request. We reverse and remand.

On September 15, 2010, the State charged twenty-five year old Reese with battery resulting in bodily injury as a class A misdemeanor.[1] The court held an initial hearing on October 11, 2010, at which Reese requested court-appointed counsel. Reese testified that he worked forty hours per week at Burger King making $7.25 per hour, that he had no vehicle and walked to work, and that he had $5 in his bank account. He further testified that he paid $133 per month for rent, that he was married, but separated, that he had one child who was two years old and lived with him, and that he did not receive child support. When asked about the cost of his utilities, Reese testified: "I haven't gotten an actual first bill yet for a full month [ ]. But just the first week or two (2) weeks in the end of the month it cost me $5.00 in electric and like $14.00 in gas." Transcript at 9. Reese testified that his other monthly expenses included "[d]iapers for [his] daughter and things like that. Food." *Id.* He indicated he thought he spent $200 a month for food. He did not pay for day care because that was provided by his mother. Reese also indicated that he had no property he could sell to hire an attorney and no one owed him money. He stated he was paying back his $300 bail to his stepfather. The court asked "so you are making about $1,100 a month?" and Reese testified: "Roughly, I guess. No. I get paid every two (2) weeks and I get

about $460.00 in each check." *Id.* at 10. The court stated that based upon his income and expenses Reese would "have some money left over on a weekly basis that [he] could use to hire an attorney," stated that Reese "may have to make some decisions as to how [he is] going to spend the money that [he] was making" but that he was not "totally without funds in order to hire an attorney," and denied Reese's request for court-appointed trial counsel. *Id.*

On February 8, 2011, Reese requested the court to reconsider appointing trial counsel to represent him. The court held a hearing that day, at which Reese stated that his rent was "still $133," but that "since [he was] unemployed, it is going to go down to zero." *Id.* at 18. Reese further testified: "I worked at Burger King the last time I was here. I got on at Littler [Diecast in Albany]. So I quit Burger King and then I got laid off from Littler." *Id.* Reese indicated he thought he made $9.25 per hour at Littler Diecast and worked there for about one month. When asked why he did not get child support, Reese stated that he was not completely divorced, and that the only public assistance he received was food stamps which he thought amounted to $275 per month. When asked what he did to hire an attorney since October 11, 2010, Reese stated: "I tried to save money, but I couldn't do it. I had bills to pay." *Id.* at 20. The court asked if Reese "even attempt[ed] to hire an attorney," and Reese stated "No. All I did was just save the money or tried to anyway." *Id.* The court then stated: "So you were in here in October and I told you you didn't qualify for court appointed counsel. You were employed for three (3) months after that. Chose not to save any of your money to hire an attorney. Lost your job. Now you want me to appoint counsel for you at taxpayer expense because you lost your job?" *Id.* Reese stated

"No. I tried." *Id.* The court also asked "And you refused to save any money during the last three (3) months?" and Reese responded "I tried to save the money." *Id.* The court then asked if Reese was going to receive a tax refund, and Reese stated that he thought he would get about half of $3,000. The court asked if Reese did "rapid refund," and Reese stated "H & R Block doesn't do rapid refund anymore." *Id.* at 21. The court stated "I know, but did you apply electronically?" and Reese stated "I just went to H & R Block and had it done." *Id.* After learning that Reese had gone to H & R Block about a week before the hearing, the court stated:

> With electronic filing you can have the money back in about two (2) weeks. You are set for trial on the 17th day of February which is next Thursday. Mr. Reese the court finds that in October of this year you were employed. You were employed up through almost the end of January and chose not to use any of your money to hire an attorney. You've got a tax refund coming in within the next week or so in the amount of $1,500.00. The court is going to direct you to use that tax refund to hire an attorney. If you do no[t] hire an attorney, then you will not get court appointed counsel. It is just as simple as that. Your trial right now is set for next week on February the 17th. I'll continue and reset your trial date for 3–30–2011. at 9:00 a.m. Get your attorney hired next week when you get your tax refund. Get ready for trial on the 30th of March because there will not be any further continuances on the matter.

*Id.* at 22.

A bench trial was held on March 30, 2011, at which Reese was not represented by counsel, and the court found Reese guilty of battery. The court immediately proceeded to a sentencing hearing and

asked whether Reese was employed and whether his wife was employed, to which Reese responded in the negative. The court then asked how Reese was supporting himself, and Reese responded that he and his wife and child were living in government housing, receiving food stamps, and were "working on cash assistance right now." *Id.* at 58. The court sentenced Reese to one year in the Jay County Security Center and suspended all but ninety days of the sentence to probation. At that point, the court conducted an indigency hearing for purposes of appeal. Reese indicated that he had $5 in his bank account and had spent all but $100 of his $1,500 portion of the tax refund on bills he had to pay. He testified that he had been laid off for at least two months and had not been receiving unemployment compensation as he had only worked at his job for one month. Reese testified that he and his wife were back together but that he did not know whether she still had any of her portion of the tax refund left. The court found Reese indigent and appointed appellate counsel to represent him.

 The sole issue is whether the trial court erred in denying Reese's motion to appoint trial counsel. Reese argues that he was indigent and should have been appointed an attorney at public expense. A defendant charged with a crime is guaranteed the right to be represented by counsel by Article 1, § 13 of the Indiana Constitution and by the Sixth and Fourteenth Amendments to the United States Constitution. *Spinks v. State,* 437 N.E.2d 963, 966 (Ind.1982), *disapproved of on other grounds, McCraney v. State,* 447 N.E.2d 589 (Ind.1983). A failure to permit any defendant to have counsel represents a deprivation of that defendant's constitutional right to due process. *Id.* This right includes the right of an indigent defendant in a criminal prosecution to have counsel

provided for him at state expense. *Moore v. State,* 273 Ind. 3, 6, 401 N.E.2d 676, 678 (1980); Ind.Code § 35–33–7–6(a). The Indiana Supreme Court has observed that "of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." *Poynter v. State,* 749 N.E.2d 1122, 1125–1126 (Ind.2001) (quoting *United States v. Cronic,* 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)).

 In general, a trial court has discretion to determine whether a defendant is indigent, and we are reluctant to override that discretion. *Redmond v. State,* 518 N.E.2d 1095, 1095 (Ind.1988). "Since we are dealing with such a fundamental constitutional right, the record in each case must show that careful consideration commensurate with the right at stake has been given to the defendant." *Moore,* 273 Ind. at 7, 401 N.E.2d at 678. The defendant does not have to be totally without means to be entitled to counsel. *Id.* If he legitimately lacks the financial resources to employ an attorney, without imposing a substantial hardship on himself or his family, the court must appoint counsel to defend him. *Id.* The determination as to the defendant's indigency is not to be made on a superficial examination of income and ownership of property but must be based on as thorough an examination of the defendant's total financial picture as is practical. *Id.* at 7, 401 N.E.2d at 679. The record must show that the determination of ability to pay includes a balancing of assets against liabilities and a consideration of the amount of the defendant's disposable income or other resources reasonably available to him after the payment of his fixed or certain obligations. *Id.*

In *Redmond,* the Court determined that the trial court erred in refusing to appoint counsel for a defendant whose take-home

pay had been approximately $450 every two weeks but had decreased over a period of ten months to $300 to $340 every two weeks and who had been unable to retain counsel over the ten-month period. *Redmond,* 518 N.E.2d at 1095–1096. In particular, the Court observed:

> Although we are reluctant to override a trial court's discretion in a matter of this kind, and although the trial judge showed great patience in giving appellant every opportunity to employ counsel, we nevertheless feel that when the record is examined it becomes apparent that appellant's expectation of being able to employ counsel of his own choosing was unrealistic. We find that the trial court should have appointed counsel to represent appellant in his defense.

*Id.* at 1096.

In this case, the record shows that, as of the initial hearing on October 11, 2010, Reese worked forty hours per week at Burger King making $7.25 per hour, paid $133 per month for rent, had $5 in his bank account, paid $5 for electric utilities and $14 for gas utilities for every week or two weeks, spent about $200 a month for food and purchased diapers for his child, and was paying back $300 to his stepfather. After the October 11, 2010 hearing, Reese quit working for Burger King and worked for Littler Diecast for a month making about $9.25 per hour, but was laid off by his account for two months prior to the February 8, 2011 hearing. As of the February 8, 2011 hearing, Reese was unemployed and received food stamps of approximately $275 per month. Further, when asked what he did to hire an attorney since October 11, 2010, Reese stated: "I tried to save money, but I couldn't do it. I had bills to pay." Transcript at 20. The trial court did not, at that point, inquire as to the bills Reese had to pay, focusing instead on the fact that Reese had failed to save any money since the October 11, 2010 hearing.

At the time of the February 8, 2011 hearing, Reese was unemployed and was not receiving unemployment compensation. He had no income and fell below the poverty guidelines for a family of two or three. *See* 2010 Federal Poverty Guidelines *available at* http://aspe.hhs.gov/poverty/10poverty.shtml (last visited on August 25, 2011); *see also Hall v. State,* 826 N.E.2d 99, 105 (Ind.Ct.App.2005) (noting that the defendant's income was well below the poverty guideline and that the fact that the defendant's family was impoverished by federal standards is not dispositive of whether he was indigent but that it is a factor courts can consider in making an indigency determination).

While we are reluctant to override a trial court's determination of a criminal defendant's indigency, it is apparent from the record that Reese lacked the resources to employ an attorney. In short, ordering Reese to retain private counsel in his circumstances would indeed result in a substantial financial hardship. Based upon the record and Reese's "total financial picture," we conclude that the trial court erred in refusing to appoint trial counsel to represent him. *See Redmond,* 518 N.E.2d at 1096 (finding the trial court should have appointed counsel to represent the defendant); *Hall,* 826 N.E.2d at 105 (concluding under the facts and circumstances that the defendant was indigent and the trial court abused its discretion in finding that he was partially able to pay for attorney fees and costs). Accordingly, we reverse and remand for a new indigency determination and a new trial.

Reversed and remanded for a new indigency determination and a new trial.

BAKER, J., and KIRSCH, J., concur.