**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 18 2013, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. LEEMAN**
Carroll County Public Defender
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT D. BOWEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1206-CR-504 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Donald E. Currie, Judge
Cause No. 08C01-1007-FB-8

**February 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Robert D. Bowen ("Bowen") was convicted after a jury trial of unlawful possession of a firearm by a serious violent felon,[1] a Class B felony, dealing in a schedule IV controlled substance[2] as a Class C felony, possession of a controlled substance[3] as a Class D felony, and possession of marijuana[4] as a Class A misdemeanor and was sentenced to an aggregate term of fourteen years in the Department of Correction. Bowen appeals and raises the following restated issues for our review:

I. Whether the trial court abused its discretion in finding that Bowen was not indigent and therefore not appointing counsel to represent Bowen until eight months prior to trial; and

II. Whether the trial court abused its discretion in sentencing Bowen to consecutive sentences.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 30, 2010, Bowen's daughter-in-law called the Delphi Police Department and informed them she had observed Bowen and her husband smoking marijuana inside Bowen's appliance repair shop earlier that day. She also told the police that there were several guns inside the shop and that she had previously seen Bowen holding a gun. The police obtained a search warrant for Bowen's shop and executed that warrant on July 2, 2010. Pursuant to that search, the police seized various items from the shop, including

---

[1] *See* Ind. Code § 35-37-4-5.

[2] *See* Ind. Code § 35-48-4-3.

[3] *See* Ind. Code § 35-48-4-7.

[4] *See* Ind. Code § 35-48-4-11.

guns, cash, an electronic scale, marijuana, and pills, which were later identified as alprazolam, a schedule IV controlled substance. There were several individuals, including Bowen and his son, present at the time the warrant was executed. Two of these individuals had alprazolam pills in their pockets. When questioned by the police, Bowen admitted that the shop and property were his, that he lived in a trailer located in a building attached to the shop, and had keys to the shop. *Tr.* at 259-60. Bowen also admitted that he knew the firearms were on his property and that no one was allowed on the property without his knowledge. *Id.* at 260-61.

The State charged Bowen with unlawful possession of a firearm by a serious violent felon, dealing in a schedule IV controlled substance, possession of a controlled substance, two counts of receiving stolen property, and possession of marijuana. At Bowen's initial hearing, on July 3, 2010, Bowen informed the trial court that he wanted to hire his own attorney. *Id.* at 13, 16. At that time, Bowen's bond was set in the sum of $50,000 property or surety plus $500 cash. On July 15, 2010, Senior Judge Kathy Smith held a hearing regarding the appointment of counsel and appointed Patrick F. Manahan ("Manahan") as counsel for Bowen in this case. Manahan was later permitted, on September 27, 2010, to withdraw as Bowen's counsel. On July 26, 2010, the property bond, pledging real estate owned by Bowen as security, was received by the clerk of the trial court.

At the initial hearing for the amended information, held on October 20, 2010, Bowen requested the appointment of counsel. The trial court questioned Bowen regarding his financial situation, and determined that, because Bowen had real property

3

with $50,000 in equity, he was not indigent, and the trial court refused to appoint a public defender for Bowen. *Id*. at 22-24, *Appellant's App*. at 47. At this hearing, Bowen also filed a pro se motion to suppress.

On November 12, 2010, Bowen filed a motion to continue because he had not yet been able to hire an attorney. At a hearing on February 23, 2011, the State informed the trial court of the problems it was having dealing with Bowen because he did not have an attorney and had not entered an appearance for himself in the case. *Tr*. at 26-27. Bowen told the court he had contacted attorneys but had not yet been able to retain the services of an attorney. *Id*. at 28. The trial court continued the proceedings. At a status hearing, on April 26, 2011, Bowen again requested that the trial court appoint counsel to represent him, but admitted to the trial court that his financial situation had not changed. *Id*. at 31. Because Bowen had equity in the real property that he owned, the trial court again found that he was not indigent and refused to appoint counsel. *Id*. at 31-32.

On May 13, 2011, the trial court held a hearing on Bowen's motion to suppress. Bowen again complained about not having appointed counsel, and the trial court reaffirmed its ruling that Bowen was not indigent. *Id*. at 38-41. Because Bowen did not present any evidence in support of his motion to suppress, the trial court denied the motion. On June 2, 2011, the trial court granted Bowen's motion to continue in order to obtain counsel.

On August 23, 2011, the trial court held a hearing on the State's motion to revoke Bowen's bond, and the State presented evidence that Bowen had been charged with a new criminal offense. Bowen again appeared without counsel. The trial court granted

4

the State's motion and revoked Bowen's bond. Bowen again requested that counsel be appointed for trial, and the trial court again inquired into Bowen's financial situation. No discussion occurred regarding the real property owned by Bowen. At the conclusion of the inquiry, the trial court found Bowen to be indigent and appointed Ian O'Keefe ("O'Keefe") to represent Bowen.

Prior to trial, the State dismissed one of the receiving stolen property counts. A three-day jury trial began on April 23, 2011, with Bowen being represented by O'Keefe. At the conclusion of the trial, the jury found Bowen not guilty of the remaining Class D felony receiving stolen property count and guilty of the other charged offenses. At the sentencing hearing, the trial court, after considering the pre-sentence investigation report and the evidence and arguments presented at the hearing, imposed a sentence of ten years for Bowen's conviction for Class B felony unlawful possession of a firearm by a serious violent felon, four years for his conviction for Class C felony dealing in a schedule IV controlled substance, one-and-a-half years for his conviction for Class D felony possession of a controlled substance, and one year for his conviction for Class A misdemeanor possession of marijuana. The trial court ordered the sentences to be served concurrently, except for the sentence for dealing in a schedule IV controlled substance, which was ordered to be served consecutively to the sentence for unlawful possession of a firearm by a serious violent felon, for a total of fourteen years. Bowen now appeals.

## DISCUSSION AND DECISION

### I.      Appointment of Counsel

In general, a trial court has discretion to determine whether a defendant is indigent, and we are reluctant to override that discretion on appeal. *Reese v. State*, 953 N.E.2d 1207, 1210 (Ind. Ct. App. 2011) (citing *Redmond v. State*, 518 N.E.2d 1095, 1095 (Ind. 1988)). However, the trial court does not have the discretion to deny counsel to an indigent defendant. *Gilmore v. State*, 953 N.E.2d 583, 587 (Ind. Ct. App. 2011) (citing *Graves v. State,* 503 N.E.2d 1258, 1262 (Ind. Ct. App. 1987)).

Bowen argues that the trial court abused its discretion when it failed to find him indigent and appoint counsel to represent him in the initial stages of his case. He contends that these were critical stages of the trial proceedings, and the refusal to appoint him counsel at those times constituted a denial of his right to counsel. Bowen claims that he qualified for appointed counsel because he was indigent, and the assets he had were not liquid and using them to obtain counsel could impose substantial hardship on himself and his family. He further argues that, even if he was not indigent, the trial court did not adequately establish that fact on the record because the trial court failed to engage in a thorough examination of Bowen's total financial picture.

Because we are dealing with such a fundamental constitutional right, the record in each case must show that careful consideration commensurate with the right at stake has been given to the defendant. *Reese*, 953 N.E.2d at 1210 (quoting *Moore v. State*, 273 Ind. 3, 7, 401 N.E.2d 676, 678 (1980)) (internal quotation marks omitted). The defendant does not have to be totally without means to be entitled to counsel. *Gilmore*, 953 N.E.2d at 587. If he legitimately lacks the financial resources to employ an attorney, without imposing a substantial hardship on himself or his family, the court must appoint counsel

to defend him. *Id.* The determination as to the defendant's indigency is not to be made on a superficial examination of income and ownership of property but must be based on as thorough an examination of the defendant's total financial picture as is practical. *Id.* The record must show that the determination of ability to pay includes a balancing of assets against liabilities and a consideration of the amount of the defendant's disposable income or other resources reasonably available to him after the payment of his fixed or certain obligations. *Id.*

In the present case, Bowen initially informed the trial court that he intended to hire a private attorney to represent him. At a subsequent hearing, Senior Judge Kathy Smith appointed attorney Manahan to represent Bowen. However, Manahan was permitted to withdraw his appearance, and at a hearing on October 20, 2010, Bowen requested that counsel be appointed for him. At that time, the trial court held a hearing on Bowen's request for counsel.

The trial court questioned Bowen regarding his financial condition, and Bowen stated he had not been employed since 2001. *Tr.* at 22. Bowen stated that his wife was employed part-time and that she provided financial support for them. *Id.* at 22-23. Bowen informed the trial court that the family received food stamps. *Id.* at 23. He also admitted that he owned a rental property that brought in approximately $335 per month. *Id.* Bowen also stated that he owned real property that had a value of at least $50,000, although at that time the property was being used for Bowen's bond. *Id.* Bowen told the trial court that he had not yet talked with an attorney about his case. *Id.* The trial court found that Bowen was not indigent, based on his ownership of real property that had a

7

value of at least $50,000, and, therefore, refused to appoint counsel for him at public expense. *Id*. at 23-24.

The trial court did not abuse its discretion in not finding Bowen to be indigent at that time. Bowen's ownership of real property, on its own, shows that he was not indigent. *See Gilmore*, 953 N.E.2d at 588 (defendant's social security and ownership of real property, valued at $54,000, standing alone, could sustain finding that defendant was not indigent). Additionally, we find it significant that Bowen failed to tell the trial court about his appliance repair business and the income he derived from that business. *Tr*. at 295-96, 378; *Appellant's App*. at 218. Therefore, Bowen's statement to the trial court that he had not been employed since 2001 is contradicted by the fact that he was self-employed through his appliance repair business.

As to his later requests for counsel to be appointed, Bowen told the trial court that his financial situation had not changed. *Tr*. at 31-32. At the hearing on his motion to suppress, Bowen had failed to retain counsel and complained to the trial court about not appointing him counsel. *Id*. at 38-39. The trial court explained to Bowen that his ownership of real property demonstrated that he was not indigent and that it was his choice to use the property to obtain an attorney or not. *Id*. at 39-40. The facts presented to the trial court show that Bowen had the financial ability to hire an attorney but chose not to because he was worried he may not be able to pay off any loan he took out on the property. *Id*. at 39-40. Further, Bowen failed to inform the trial court of his income from his appliance repair business. Under the facts of this case, the trial court did not abuse its

8

discretion when it found Bowen was not indigent for the purpose of appointing counsel for the motion to suppress hearing and prior to the hearing.

Later, when Bowen notified the trial court that he had spoken with an attorney and was unable to reach any financial arrangement with the attorney, the trial court appointed counsel for Bowen. *Id*. at 28, 54-60. Attorney O'Keefe entered an appearance for Bowen on August 25, 2011, and Bowen's trial was not held until April 23, 2012. Bowen's counsel had eight months to prepare for trial, and at trial, counsel made objections to the admission of evidence based on Bowen's previous motion to suppress. *Id*. at 128-29, 254. Therefore, the fact that Bowen did not have counsel appointed when he filed his motion to suppress did not negatively impact Bowen because he had counsel at the time that the evidence was presented at trial, and his counsel objected to the admission of the evidence at trial. We conclude that the trial court did not abuse its discretion when it found, based on his ownership of real property with a value of at least $50,000, he was not indigent for the purpose of appointing counsel. Bowen chose not to use this property to obtain counsel, so he was without counsel at certain stages of his case at his own choosing. When Bowen informed the trial court that he had attempted to obtain private counsel, but was unable to do so, the trial court appointed counsel, and Bowen was represented by counsel for the duration of his case. Under the circumstances of this case, the trial court did not abuse its discretion, and Bowen was not denied his right to counsel.

## II. Sentencing

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Webb v. State*, 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011) (citing *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007)), *trans. denied*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. A trial court must enter a sentencing statement that includes reasonably detailed reasons for imposing a particular sentence. *Id*. The purpose of this rule is to guard against arbitrary sentencing and to provide an adequate basis for appellate review. *Id*. The decision to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009). A single aggravating circumstance may support the imposition of consecutive sentences. *Id*.

Bowen argues that the trial court abused its discretion when it imposed consecutive sentences for two of his convictions. He contends that the trial court's sentencing statement was inadequate because it lacked reasonable details necessary to safeguard against an arbitrary sentence. He also asserts that the trial court failed to articulate a basis for imposing consecutive sentences.

Bowen is correct that a trial court is required to enter a reasonably detailed sentencing statement that includes the reasons for imposing a certain sentence. *Webb*, 941 N.E.2d at 1088. A trial court must also articulate at least one aggravating circumstance in order to impose consecutive sentences. *Rhoiney v. State*, 940 N.E.2d 841, 846 (Ind. Ct. App. 2010), *trans. denied*. When reviewing the sufficiency of the

sentencing statement, we examine both the trial court's written and oral statements. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012).

Here, the trial court did not specifically state, either in its written or oral sentencing statement, any aggravating or mitigating circumstances, and the trial court imposed the advisory sentence for all of the convictions. Therefore, this would make it seem that the trial court found the aggravating and mitigating circumstances to be in equipoise, which would generally prohibit the imposition of consecutive sentences. *See Lopez v. State*, 869 N.E.2d 1254, 1258 (Ind. Ct. App. 2007) (when aggravating and mitigating factors are in equipoise, "our Supreme Court has said that a trial court may not impose consecutive sentences"), *trans. denied*. Additionally, when a trial court failed to provide an explanation for imposing consecutive sentences, we may remand for resentencing to impose concurrent sentences. *Murrell v. State*, 960 N.E.2d 854, 860 (Ind. Ct. App. 2012).

However, we conclude that, in this case, the trial court's sentencing statements allow us to infer that at least one aggravating circumstance was considered by the trial court in imposing the consecutive sentences. In both its written and oral sentencing statements, the trial court stated that, in making it sentencing decision, it considered the pre-sentence investigation report and the evidence and arguments presented during the sentencing hearing. *Tr*. at 394; *Appellant's App*. at 174. In the written sentencing statement, the trial court also states it considered the sentencing criteria found in Indiana Code section 35-38-1-7.1 in making its decision. *Appellant's App*. at 174. The pre-sentence investigation report detailed Bowen's extensive criminal history, which spanned

11

over thirty years and included multiple felony convictions, and lengthy substance abuse history. *Id.* at 212-16, 219. A trial court is permitted to consider a defendant's criminal history as an aggravating circumstance. Ind. Code § 35-38-1-7.1(a)(2). We conclude that based on the trial court's written and oral sentencing statements, which detailed that the trial court considered the pre-sentence investigation report in reaching its sentencing decision, it can be inferred that the trial court imposed consecutive sentences based upon Bowen's extensive criminal history. We therefore find that the trial court did not abuse its discretion in sentencing Bowen to consecutive sentences. However, we want to remind the trial court that criminal defendants are entitled to understand the trial court's reasoning behind the defendants' sentencing orders. We therefore caution the trial court to give due consideration to the requirement that a sentencing statement should include reasonably detailed reasons for imposing a particular sentence in future orders.

Affirmed.

MATHIAS, J., and CRONE, J., concur.