WILLIAM T. ROBERTSON *v.* STATE OF INDIANA.

[No. 573S105.  Filed December 19, 1974.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Defendant appeals from his conviction, after trial by a jury, for second degree murder. The basic facts concerning the homicide are that the Defendant, on the night of July 20, 1972, had an argument with his wife. She accused him of having that night been out with another woman. She identified a friend of the Defendant as the source of her information. Defendant took his rifle and some ammunition and drove to this friend's home. The friend admitted having been the source of the allegation. A scuffle ensued, and the rifle which Defendant was holding discharged. A bullet lodged in the victim's neck. He was dead on arrival at

the hospital. A written confession, properly admitted into evidence, contained the admission by the Defendant that he intentionally fired the rifle.

The sole issue presented for our consideration is the question of whether or not the representation which the Defendant was afforded at his trial was adequate as a matter of law. As we have frequently reiterated, the representation afforded by a duly admitted member of the bar of this state is presumed to be competent. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418, and cases cited therein. This presumption can be overcome only by a strong and convincing showing that what the attorney did or did not do at trial made a mockery of the trial and thus shocks the conscience of the reviewing court. *Haddock, supra; Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686.

In this case, Defendant maintains that the incompetency of his trial counsel is shown by the failure of counsel to do three things: (1) a failure to object to cross-examination of the Defendant which elicited the information that he had been convicted previously for theft, *see, Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210; (2) a failure to object to the admission of pictures and testimony which showed that Defendant at the time of the incident—but not at the time of trial—had long hair and a moustache; (3) a failure to poll the jury. As to the latter failure, Defendant does not allege, let alone prove, that a poll of the jury would have produced information helpful to him in any way. Defendant implies that since he had a statutory right to poll the jury his attorney's failure to exercise that right is *ipso facto* incompetent representation. IC 1971, 35-1-37-5 [Burns Ind. Ann. Stat. § 9-1811 (1956 Repl.)]. There is no logic in such a position. A defendant has a constitutional right to call witnesses, but an attorney's failure to call any particular witness, or any witnesses at all,

is not proof of incompetent representation without further proof of harm resulting therefrom.

With regard to the admission of testimony about prior criminal convictions, Defendant had put on the stand a psychologist whose function was, in the words of Defendant's attorney, "to tell us what kind of personality Mr. Robertson consists of." The record does not show whether or not this testimony was solicited by the Defendant personally. In any event, the State objected, but the trial judge permitted the psychologist to proceed. The psychologist testified to the effect that Defendant was a passive sort of person, a kind of person who would not likely commit the sort of act for which he was on trial. It seems to us that under the guise of psychology Defendant had put in issue what the law calls his reputation for character, in particular the traits of belligerence and trouble-making which are the traits relevant to the crime charged. Wigmore, *Evidence* § 58-59 (1940). Once a defendant has put in issue his reputation for character, the prosecution may offer evidence as to his bad character. *State* v. *Bloom* (1879), 68 Ind. 54; *Fletcher* v. *State* (1874), 49 Ind. 124. In Indiana, this evidence of bad character may include specific acts of prior misconduct. *Jordan* v. *State* (1953), 232 Ind. 265, 110 N.E.2d 751; *Shears* v. *State* (1897), 147 Ind. 51, 46 N.E. 331. As has been said, "while the law gives the defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans." *Michelson* v. *United States* (1948), 335 U.S. 469 at 479, 93 L. Ed. 168, 69 S. Ct. 213. Further, we point out that the scope of cross-examination is within the discretion of the trial judge. *Pinkston* v. *State* (1972), 258 Ind. 672, 284 N.E.2d 767; *Payne* v. *State* (1970), 254 Ind. 100, 257 N.E.2d 818; *Rariden* v. *State* (1961), 242 Ind. 689, 177 N.E.2d 736. Consequently, it was not an abuse of discretion for the trial judge to permit the Defendant, as

a witness, to be cross-examined as to specific acts of prior misconduct. A witness may be cross-examined not only as to his own testimony on direct examination, but also as to all matters within his knowledge which are pertinent or material to the case. 98 C.J.S. *Witnesses* § 378 (1957). It is proper to cross-examine a witness as to facts which are inconsistent with his testimony or that of another of his witnesses. 98 C.J.S. *Witnesses* § 379 (1957). The purpose of the State's cross examination was not to prejudice the jury with the information that Defendant had a criminal record; the purpose of the cross-examination was not to impeach the Defendant; the purpose of the State's cross-examination was to show the weakness underlying the psychologist's testimony that Defendant was a passive sort of individual. In the course of this legitimate cross-examination the State elicited information about the Defendant's propensity for fighting as well as the information that he had previously been convicted of crimes. This was proper cross-examination.

As to the admission of the evidence tending to show a change of appearance on the part of the Defendant from the time of the incident to the time of the trial, we do not think Defendant was harmed in this instance. The picture admitted into evidence shows a young man with moderate length hair and a thin, well-groomed moustache. There is no specification as to Defendant's appearance at trial except that apparently his moustache was gone and his hair shorter. The implication on the part of Defendant is that the admission of the evidence prejudiced the jury against the Defendant for being formerly a hippie type. In view of the evidence available, we find the implication strained at best. It was proper to show defendant had changed his appearance since the alleged crime.

Furthermore, in regard to the failure to object to the admissibility of evidence, we point out that what is at issue on this appeal is not the validity *vel non* of such putative objections. Even assuming, *arguendo,* that an objection would have been sustained, a reviewing

court looks to the totality of the circumstances to determine whether or not trial counsel was incompetent. *Blackburn* v. *State, supra*. Individual instances of arguably poor strategy, bad tactics, errors of omission or commission due to normal human carelessness or inexperience do not necessarily show that the trial was a mockery of justice, *Blackburn, supra,* and cases cited therein. In this particular case, the Defendant's *pro se* Motion to Correct Errors, when read with that liberality due a lay pleading, may be construed to have preserved for appeal the issue of incompetency of counsel. The trial judge consolidated this Motion to Correct Errors with one subsequently filed by the trial attorney and overruled both of them. Defendant's appellate counsel has argued strenuously and elaborately the incompetency of trial counsel issue as shown by the record. No hearing was held nor was the trial attorney called or heard. Thus, the trial attorney's reasons for his decisions remain unexplained. Without evidence to the contrary, we presume there were legitimate reasons for the tactical decisions which are at issue on this appeal. A reviewing court does not second-guess tactics of trial counsel. Our review of the entire trial does not lead us to the feeling that this trial was a sham and a mockery of justice.

Judgment affirmed.

Givan, C.J., Prentice, J., concur; DeBruler, Hunter, JJ., concur in result.

NOTE.—Reported at 319 N.E.2d 833.