RONALD SKINNER *v.* STATE OF INDIANA

[No. 478S63. Filed December 15, 1978.]

*Jack Quirk*, of Muncie, for appellant.

*Theodore L. Sendak*, Attorney General, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

PRENTICE, J. — Following a trial by jury, the defendant (appellant) was convicted of the commission of a felony (robbery) while armed. Ind. Code § 35-12-1-1 (Burns 1975). He was sentenced to fifteen years imprisonment. His appeal presents the following assignments of error:

(1) The ineffective assistance of trial counsel.

(2) The giving of a final instruction relating to defendant's having absented himself from a portion of the trial.

## ISSUE I

In his belated motion to correct errors, the defendant charged that his attorney's dependence upon and constant use of alcohol constituted ineffective representation. In a hearing held upon his motion, the defendant and two other witnesses testified that the attorney had smelled of alcohol and slurred his speech throughout the trial. Additionally, the defendant stated that his attorney failed to call certain witnesses for purposes of impeaching one of the State's identification witnesses, and that he had failed to object to the admission into evidence of a gun which had allegedly been used in the robbery. The attorney died prior to the hearing and hence was unable to refute the defendant's evidence.

In determining whether or not an attorney has provided his client with effective assistance, one must look to the particular facts in each case. *Roberts v. State*, (1977) 266 Ind. 72, 360 N.E.2d 825. A strong presumption exists that competent representation has been provided and only a strong showing up the contrary will rebut it. *Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833. We will not second guess matters of judgment and strategy, unless it appears from the record that the trial was a mockery of justice. *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686. With regard to the attorney's having failed to object to the admission of the gun into evidence, there is no contention that such evidence should have been suppressed. With regard to the failure of the attorney to call an impeaching witness, it appears that such testimony, if in fact available, would have added little to the case, inasmuch as the evidence allegedly obtainable from the witness had already been otherwise presented. Defendant also faulted the attorney for having failed to call two witnesses who allegedly had been unable to identify the defendant at the lineup, it appears that the defendant's attorney had been unable to locate them. Additionally, the testimony of such missing witnesses would have been of questionable impact, inasmuch as the witnesses who had been in the closest contact with the defendant during the robbery each gave a positive identification of the defendant, both at the lineup and at the trial. The failure to call a particular witness, without more, does not evidence incompetency. *Robertson v. State, supra.*

With reference to the defendant's charge that his counsel was

hampered by intoxication, the evidence presented at the hearing on the motion was conflicting, but there is no evidence in the transcript of the three-day trial to indicate that the attorney was, in fact, intoxicated. Such had never been called to the attention of either the State or the trial court. A careful examination of the record indicates that he took an active part in cross examining witnesses from the State and in handling the defense, despite the defendant's absence during part of the proceedings. Additionally, the trial judge would have been warranted in drawing upon his own memory of the proceedings to contradict any evidence that the defendant had been prejudiced by his counsel's intoxication.

## ISSUE II

The defendant was at liberty under bond prior to and during the trial and did not appear for the conclusion of the proceedings following the State's resting of is case in chief. The trial judge called the jury's attention to this voluntary absence in its final Instruction No. 7 which advised that they could take such absence into consideration.

Although the instruction did comment upon the accused's absence, it did not instruct the jury that they could draw an inference of guilt from such absence, as is argued by the defendant in his brief.

The defendant has failed to set forth the verbatim objection made to the instruction at trial, as required by Appellate Rule 8.3(A)(7), thus we will not treat the issue further other than to say that it appears to be without merit. We further note that there is nothing in the record to suggest that the defendant's absence was other than voluntary.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J. and Hunter and Pivarnik, JJ. concur.

DeBruler, J. dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—Over objection the court gave final Instruction No. 7 which stated:

"The failure of a defendant to appear for completion of his trial after the State has presented its case in prosecution of the defendant, is a circumstance which may be considered by you in connection with all the other evidence to aid you in determining his guilt or innocence."

Appellant in his brief argues that there is no authority for the court to give such an instruction and contends that it is improper to give an instruction which authorized the jury to make an inference of guilt from the defendant's absence from the trial. In this case the court received no explanation of the defendant's absence and sought none. Under these circumstances appellant's absence from the last part of the trial is wholly ambiguous and cannot support any inference regarding the accused's guilt or innocence. This instruction created evidence where there was none, and was, therefore, clearly erroneous. A new trial should be ordered.

NOTE—Reported at 383 N.E.2d 307.