**Frances B. CUNNINGHAM,**
**Petitioner-Appellant,**

v.

**Harry CUNNINGHAM,**
**Respondent-Appellee.**

**No. 1–881A242.**

Court of Appeals of Indiana,
First District.

Jan. 28, 1982.

John A. Cody, Jr., Cody & Cody, New Albany, for petitioner-appellant.

Donald R. Forrest, New Albany, for respondent-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Frances B. Cunningham (Frances) appeals from the division of property provisions of a decree of dissolution of marriage ordering her to reconvey real estate to Harry Cunningham (Harry). We affirm.

## FACTS

Frances filed a petition for dissolution of marriage alleging the dates of her marriage and separation, that no children were born of the union and that she was not pregnant, and that the marriage was irretrievably broken. The petition asked the court for dissolution of her marriage to Harry and restoration of her former name. Harry appeared by counsel but filed no responsive pleading. The cause was tried to the court and no record of the testimony was made. However, pursuant to Ind. Rules of Procedure, Appellate Rule 7.2(A)(3)(c) a statement of the evidence was prepared and approved by the trial judge and made part of the record.

At trial, Frances testified on direct examination relating only the dates of marriage and separation, absence of children and that she was not pregnant, and the irretrievable breakdown in the marriage. On cross-examination, over Frances's objection, counsel for Harry elicited that Harry had deeded a house in Louisville, Kentucky, to Frances. Further cross-examination showed that prior to the marriage, the parties executed a marriage agreement each waiving any interest in the estate of the other; that subsequent to the marriage, after making many accusations against Harry about his relationships with other women, Frances took him to her attorney where he executed the deed in question and that "the purpose of the conveyance was for her to have a suitable wedding gift." Record at 56. Copies of the deed and marriage agreement were admitted into evidence without objection. Further, Frances stated she had survived two other husbands, was very well off financially, and did not want or need any of Harry's property.

Harry testified he was a disabled Navy veteran, 60 years of age, and that the house in question was built for him by his father upon his discharge from the Navy. He also testified as to his real estate holdings in Louisville, Kentucky, valued at $131,000, including the house in issue valued at $25,000, and that he had income from veteran's pension and rentals. A list of his real estate and copies of his tax returns were admitted into evidence. Harry also testified that the conveyance of the Louisville house to Frances "was the result of repeated opportunings [sic] of [Frances] that such a gift would be a suitable demonstration of his affection and love for her." Record at 57.

The trial court entered a decree dissolving the marriage, awarding Harry a marble top dresser, an overstuffed chair, his guns, and directing Frances to reconvey the house in Louisville to Harry. It is from the order to reconvey that Frances appeals.

## ISSUES

We have restated the issues for our review.

1. Was the issue of property division properly before the court although there

were no allegations in the petition or prayer for relief concerning property and no responsive pleading raising the property issue?

2. Could Frances be cross-examined relative to the property of the parties when she had not been asked about property on direct examination?

3. Did the trial court abuse its discretion in ordering Frances to reconvey the house in Louisville to Harry?

## DISCUSSION AND DECISION

*Issue One*

Frances contends it was error for the court to consider property division, to permit her to be cross-examined concerning property, and to hear evidence concerning property since there were neither allegations relating to property nor a prayer for relief pertaining thereto in her petition, and since Harry did not file any responsive pleading asserting property issues. Thus, she says, admission of evidence as to property was outside the issues framed by the pleadings and therefore improper. For the same reason she contends the court erred in considering property as an issue. We disagree.

The requirements of a petition for dissolution of marriage are prescribed in Ind. Code 31–1–11.5–4(a) in pertinent part as follows:

"The petition shall be verified and it shall set forth:

(1) the residence of each party and the length of residence in the state and county;

(2) the date of the marriage;

(3) the date on which the parties separated;

(4) the names, ages and addresses of any living children under twenty-one (21) years of age and any incapacitated children of the marriage and whether the wife is pregnant;

(5) the grounds for dissolution of the marriage; and

(6) the relief sought."

No allegations concerning the property of the parties are required. Frances's petition followed the statutory form.

Further, the Dissolution of Marriage Act, Ind.Code 31–1–11.5–11(b) (Supp. 1980) provides:

"In an action pursuant to section 3(a) of this chapter, *the court shall divide the property of the parties*, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale." (Emphasis added.)

Concerning this provision of the Act, this court has stated that the legislature's intent was to enjoin the court, at the time of dissolution, to settle all the property rights with certainty and finality. *Wilhelm v. Wilhelm*, (1979) Ind.App., 397 N.E.2d 1079.[1] We take this to mean that property division always is an issue in a dissolution of marriage proceeding, whether alluded to either by factual allegation or prayer for relief in the petition, and we so hold. Further, we reject Frances's contention that Harry was required to file a responsive pleading raising property issues if he wished to litigate property rights. It is clear that a responsive pleading is not required in a dissolution of marriage proceeding. *In Re Marriage of Brown*, (1979) Ind.App., 387 N.E.2d 72.

Therefore, it was entirely proper for the court to hear evidence concerning property and to make a determination of property

---

1. *See also, Eppley v. Eppley*, (1976) 168 Ind. App. 59, 341 N.E.2d 212, where, under the prior divorce laws, this court held that a divorce court has a mandatory duty to adjust and adjudicate the property rights of the parties.

rights in its decree. The contention that property rights were outside the issues is erroneous and objections on that ground were properly overruled.

*Issue Two*

The question of the propriety of allowing cross-examination of Frances relative to property over an objection that such was beyond the scope of the direct examinations is more complex. Generally, Indiana follows the so-called "American rule" that cross-examination is limited to the scope of the direct examination. *Tipton County Abstract v. Heritage*, (1981) Ind. App., 416 N.E.2d 850; *Howard v. State*, (1976) 265 Ind. 503, 355 N.E.2d 833. However, cross-examination is not strictly limited to those matters specifically included in the direct examiner's questions, but extends to all phases of the subject matter covered in such direct examination. *Tipton County Abstract v. Heritage, supra; Talley v. State*, (1980) Ind.App., 400 N.E.2d 1167, *trans. den.; Howard v. State, supra.* Further, the extent to which cross-examination may be carried rests largely within the discretion of the trial court whose decision will be reversed only for abuse of discretion to the injury of the complaining party. *Barker v. Cole*, (1979) Ind.App., 396 N.E.2d 964; *Westfield Gas Corp. v. Hill*, (1960) 131 Ind. App. 558, 169 N.E.2d 726, *trans. den.*[2] It has also been said that "[a]ny doubt as to the legitimacy of questions on cross-examination must be resolved in favor of the questioner." *Higginbotham v. State*, (1981) Ind.App., 427 N.E.2d 896, 901. In addition, Frances was a party, and some authorities have been less stringent in restricting cross-examination of a party. 81 Am.Jur.2d, *Witnesses*, § 493 (1976); 4 *Jones on Evidence*, § 25:18 (6th ed. 1972).

2. *See also, Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833, noted by Judge Chipman in footnote 4 in *Tipton County Abstract v. Heritage*, (1981) Ind.App., 416 N.E.2d 850, 854, wherein our supreme court speaking through Justice Arterburn stated:

"[T]he scope of cross-examination is within the discretion of the trial judge.... A witness may be cross-examined not only as to his own testimony on direct examination, but

It could be argued, as Harry does in his appellee's brief, that the subject matter of the direct examination of Frances was the marriage of the parties and its dissolution, and disposition of the parties' property was within the subject matter of her direct testimony. Given the latitude granted trial courts in exercising discretion in controlling cross-examination, considering further that Frances was a party, and resolving doubts in favor of the cross-examination, we believe it could be said the court did not abuse its discretion in allowing the cross-examination. However, we do not consider it necessary to decide this specific issue. Clearly, Harry could have called Frances as a witness, examined her as an adverse party under Ind. Rules of Procedure, Trial Rule 43(B), and elicited the very same evidence. Thus, Frances in no way was prejudiced by the cross-examination allowed by the trial court. In order to constitute reversible error, there must exist both an erroneous ruling and prejudice to the complaining party. *Meeker v. Robinson*, (1977) Ind.App., 370 N.E.2d 392. We cannot say the trial court abused its discretion in allowing the cross-examination since no prejudice to Frances resulted therefrom.

*Issue Three*

Frances next contends the decision of the court ordering her to reconvey the Louisville house to Harry is unfair and an abuse of discretion. We do not agree.

The same statute which directs the court to divide the property of the parties in a just and reasonable manner provides the following guidelines for carrying out that responsibility:

" * * *

"In determining what is just and reasonable the court shall consider the following factors:

also as to all matters within his knowledge which are pertinent or material to the case." 262 Ind. at 565–66, 319 N.E.2d 833.

Although this statement seems to be an expression of the "English rule" 4 *Jones on Evidence*, § 25:2 (6th ed. 1972), as Judge Chipman pointed out in his footnote 4, this case has not been cited for this proposition and has not been followed in later cases.

(1) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(2) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(5) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

(c) When the court finds there is little or no marital property, it may award either spouse a money judgment not limited to the existing property. However, this award may be made only for the financial contribution of one (1) spouse toward tuition, books, and laboratory fees for the higher education of the other spouse."

IC 31–1–11.5–11 (Supp.1980).

In dissolution of marriage cases, the trial court has broad discretionary power in determining disposition of property. In reviewing the division of property, the issue is whether the trial court abused its discretion. *Hasty v. Hasty*, (1981) Ind.App., 427 N.E.2d 1119 (transfer pending); *In re Marriage of Church*, (1981) Ind.App., 424 N.E.2d 1078 (transfer pending); *In re Marriage of Hirsch*, (1979) Ind.App., 385 N.E.2d 193. In such cases, there is a strong presumption that the trial court's decision is correct. *In re Marriage of Church, supra.* The standard of review employed by this court in reviewing such divisions of property is whether the result reached is clearly against the logic and effect of the facts and circumstances before the court, including reasonable inferences to be drawn therefrom. *Hasty v. Hasty, supra; Morphew v. Morphew*, (1981) Ind.App., 419 N.E.2d 770. This court, in reviewing the division of property, does not weigh the evidence, but considers the evidence in the light most favorable to the judgment. *Morphew v. Morphew, supra.* The statutory directive is that the court shall divide the property in a just and reasonable manner, and this does not require an equal division of the property. *In re Marriage of Church, supra.* Finally, the trial court's determination concerning division of property will not be set aside as unjust or unreasonable unless it is clearly shown that there is no rational basis for its action. *Hasty v. Hasty, supra.*

Looking at the evidence in this case from the vantage point imposed upon us by the foregoing authorities, we cannot say the court's decision concerning property is against the logic and effect of the circumstances and has no rational basis. The court, on the record before us, could have considered the relative short term of the marriage, that both parties were financially secure in their own right, that they had agreed neither should inherit from the other, that Frances was financially well off and neither needed nor desired any of Harry's property, and that the circumstances surrounding the conveyance of the house in Louisville to Frances by Harry indicated such was made under duress. Therefore, we hold the trial court did not abuse its discretion in ordering Frances to reconvey the Louisville real estate described in the decree to Harry.

The judgment is affirmed.

NEAL and ROBERTSON, JJ., concur.