**Bobby RUSSELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S02–9106–CR–496.

Supreme Court of Indiana.

June 28, 1991.

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Defendant–Appellant Bobby Russell petitions this Court for transfer from the Court of Appeals which, in a memorandum decision, affirmed his murder conviction. We accept transfer.

Russell presents two issues regarding the admissibility of evidence relating to his theory of self defense which was raised at trial. The first issue concerns evidence which was excluded which would have shown that Russell knew that the victim had just been released from prison, and the second issue concerns evidence which was admitted concerning Russell's prior criminal record. We resolve the first issue in Russell's favor and order a new trial.

However, we also will discuss the second issue for purposes of guiding the admission of evidence regarding Russell's criminal record during the new trial.

The facts are that early in the evening on February 6, 1988, Russell and his roommate, Jeff Kern, went to the Hardbodies Lounge in Indianapolis to shoot pool. While there, they met two girls who, at their invitation, left with Russell and Kern to go to the house in which Russell and Kern lived. Shortly after 9:00 p.m., two new guests arrived. These two men had been drinking that day and continued to drink at the house. One of these new arrivals left to purchase more liquor and, upon his return, had three additional guests in tow, a girl and two men, David Patrick (the eventual victim) and his friend.

The evidence concerning the later events of that evening is conflicting. However, it appears that an argument arose between Russell and Patrick over who could lift the most weights. Eventually, a fistfight broke out among Russell's roommate (Kern), Patrick, and Patrick's friend. During this fight, Kern was stabbed several times. During the melee, Russell ran into the kitchen, grabbed a steak knife from the sink, returned to the living room and stabbed Patrick, who ultimately died from these wounds.

## I. Admissibility of Evidence of Victim's Criminal Record

At trial, Russell alleged self defense, testifying that Patrick and his friend were the aggressors who had begun stabbing Kern. Russell testified that he was trying to protect Kern. He further testified that before he stabbed Patrick, he tried to pull Patrick off of Kern, and that Patrick lunged at him with a knife. Russell also attempted to testify that Patrick stated to him that he, Patrick, had just been released from prison. The trial court sustained the prosecutor's objection to this testimony. The Court of Appeals upheld this ruling.

The Court of Appeals relied on *McCraney v. State* (1983), Ind., 447 N.E.2d 589, which states:

"The defendant in homicide, where there is some evidence of self-defense, may prove specific acts of violence committed by the deceased upon third parties, knowledge of which has been communicated to the defendant prior to the homicide, for the purpose of showing the defendant's state of apprehension...."

*Id.* at 592 (quoting *McKee v. State* (1926), 198 Ind. 590, 154 N.E. 372) (emphasis omitted). The Court of Appeals held that there was no evidence that specific acts of violence had been committed by the victim on third parties or that, if so, such information was ever conveyed to defendant. Although *McCraney* states that a defendant "may prove specific acts of *violence* committed by the deceased," 447 N.E.2d at 592, we do not believe the evidence should be limited only to violent acts. Any fact which reasonably would place a person in fear or apprehension of death or great bodily injury is admissible. In this case, Russell testified that Patrick stated he had just been released from prison. This statement could tend to place a person in reasonable fear or apprehension because it is not unreasonable to assume that a person who has been imprisoned for a crime may be likely to have a violent character. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290. This additional evidence of Russell's state of mind, in combination with testimony that a fistfight broke out in Russell's home and that Patrick was stabbing Russell's roommate, may have been enough to convince the jury that Russell acted in self defense. Therefore, we hold that it was prejudicial error to exclude such evidence.

## II. Admissibility of Evidence of Defendant's Criminal Record

Russell contends the trial court erred in allowing the prosecutor to cross-examine him about a prior misdemeanor battery conviction. Russell argues that (1) he did not "open the door" to such evidence because he did not place his good character in issue; (2) even if such evidence were admissible, the prosecutor should not have brought it out in cross-examination of Russell; and (3) even if the prior conviction

were admissible, the underlying facts supporting the conviction were not.

■ We disagree. First, we note that this issue does not present us with an *Ashton v. Anderson* crime which is admissible for purposes of impeaching a witness. 258 Ind. 51, 62–63, 279 N.E.2d 210, 216–17. Apart from the *Ashton* rule, when a defendant merely alleges self-defense, as in the instant case, but does not tender evidence of his general good character, evidence of prior misconduct is inadmissible. *Gray v. State* (1986), Ind., 500 N.E.2d 1200, 1201. However, if a defendant introduces evidence of a pattern of non-violent conduct, the prosecution may rebut such evidence with evidence of prior violent misconduct. *Berkley v. State* (1986), Ind., 501 N.E.2d 399, 400–01; *Jackson v. State* (1977), 267 Ind. 62, 66, 366 N.E.2d 1186, 1189, *cert. denied* (1978), 435 U.S. 975, 98 S.Ct. 1623, 56 L.Ed.2d 69. In the present case, Russell introduced evidence tending to depict him as a non-violent person. He elicited from his landlady that he had caused her "no problems" as a tenant. Additionally, his employer testified that he had never seen Russell carrying a knife. We believe this testimony sufficiently "opened the door" to allow the prosecutor to introduce evidence of Russell's prior battery conviction.

■ Furthermore, the prosecution did not err in cross-examining Russell regarding his prior conviction rather than cross-examining the witnesses who testified as to his good character. Although examining character witnesses regarding their knowledge of a defendant's criminal record is one method of testing their knowledge concerning defendant's reputation, it is not the only method to introduce such evidence. We have previously affirmed cases in which rebuttal evidence was elicited from witnesses other than those who testified as to a defendant's good character. *Berkley v. State* (1986), Ind., 501 N.E.2d 399; *Bond v. State* (1980), 273 Ind. 233, 403 N.E.2d 812; *Robertson v. State* (1974), 262 Ind. 562, 319 N.E.2d 833. As we have previously stated, "[a] witness may be cross examined not only as to his own testimony on direct examination, but also as to all matters within his knowledge which are perti-

nent or material to the case." *Robertson,* 262 Ind. at 566, 319 N.E.2d at 836. The question posed to Russell about his criminal record was pertinent here to contradict the evidence of good character which had been submitted by Russell's witnesses.

■ Finally, the trial court committed no error in admitting evidence of the underlying facts supporting Russell's prior battery conviction. The rebuttal evidence offered by the prosecutor was that Russell's misdemeanor battery conviction arose out of an incident at a bar where Russell stabbed a man with whom he was fighting. The prosecutor elicited this information during cross-examination of Russell. In *Jackson v. State, supra,* this Court held admissible prior specific acts of misconduct which did *not* result in convictions if the defendant has attempted to demonstrate his peaceful character. 267 Ind. at 66–67, 366 N.E.2d at 1189. We see no reason in the present case to hold inadmissible a prior specific act of misconduct which *did* result in a conviction. *See also, Robertson, supra,* 262 Ind. at 566, 319 N.E.2d at 836.

The trial court did not err in admitting evidence of Russell's prior conviction.

We hereby grant transfer, vacate the decision of the Court of Appeals, reverse the conviction and remand this cause to the trial court for a new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.